```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

LUCIANO REYES,                     :
   Plaintiff,                      :
                                   :
v.                                 :    Civil No. 3:11CV01403(AVC)
                                   :
MICHAEL J. ASTRUE,                 :
COMMISSIONER OF SOCIAL             :
SECURITY,                          :
   Defendant.                      :
```

**RULING ON THE PLAINTIFF'S MOTION TO REVERSE AND THE DEFENDANT'S MOTION TO AFFIRM THE DECISION OF THE COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION**

This is an action seeking a review of a denial of an application for social security benefits.[1] It is brought pursuant to 42 U.S.C. § 405(g). The plaintiff, Luciano Reyes, alleges that he is entitled to receive disability insurance benefits ("DIB") and supplemental security income ("SSI").

Reyes now moves for an order reversing the decision of the Commissioner of the Social Security Administration ("Commissioner") that denied his claims to DIB and SSI. In the alternative, Reyes seeks an order remanding this case for a

---

[1] Under the Social Security Act, the "Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under [the Act]." 42 U.S.C. § 405(b)(1). The Commissioner's authority to make such findings and decisions is delegated to administrative law judges ("ALJs"). See C.F.R. §§ 404.929 et seq. Claimants can in turn appeal an ALJ's decision to the Social Security Appeals Council. See 20 C.F.R. §§ 404.967 et seq. Section 205(g) of the Social Security Act provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

rehearing.  The Commissioner, in turn, has moved for an order affirming his decision.

The issues presented are: (1) whether the administrative law judge ("ALJ") erred in finding that Reyes' low back and ankle pain are non-severe impairments; and (2) whether the ALJ erred in finding that Reyes has the residual functional capacity to perform light work.

For the reasons that follow, the plaintiff's motion for an order reversing or remanding the decision of the Commissioner is denied, and the defendant's motion for an order affirming the decision of the Commissioner is granted.

## FACTS

Examination of the record discloses the following:

Reyes was 50 years old on the date of the ALJ's decision. He completed his second year of high school and has previous work experience, mostly as a construction laborer.  Reyes alleged disability based on diabetes, high blood pressure (also known as hypertension), low back pain, and ankle pain.

On July 17, 2009, Reyes filed an application for social security benefits and alleged a disability onset date of November 1, 2008.  On September 9, 2009, his application for SSI

was initially denied.  On September 29, 2009, his application for DIB was initially denied.[2]

From August 18, 2009, to October 16, 2010, Reyes was a patient of the Bridgeport Community Health Center ("BCHC").  On August 18, 2009, Reyes received a physical examination at BCHC.  A physical examination form indicated that Reyes had a history of diabetes and high blood pressure.  The form also indicated that Reyes complained of pain in his left ankle.

On August 27, 2009, Reyes visited Dr. Luis Cruz for a consultative examination.  Dr. Cruz noted that, at the time, "[n]o medical records were available for review" and "the source of information was the claimant."  Reyes told Dr. Cruz that he fell from a tree during his childhood, which resulted in an ankle injury and chronic low back pain.  Dr. Cruz remarked that Reyes "displayed an antalgic gait, but did not use any assistive device."  Dr. Cruz further stated that Reyes had "no difficulty getting on and off the examining table."  Upon examination, Dr. Cruz observed that there were "good pulses throughout" Reyes' extremities.  Dr. Cruz also reported "[i]n the supine position, [the] passive range of motion of all extremities is grossly normal" and "no evidence of muscle wasting."

---

[2]  On February 18, 2010, both applications were denied upon reconsideration.

On September 8, 2009, Dr. Nathaniel Kaplan, a non-examining state agency physician, stated that there was no record of a medically determinable impairment relating to Reyes' allegations of low back pain. Dr. Kaplan further noted that Reyes had reported an ability to prepare daily meals, drive, manage his finances, and shop. Ultimately, Dr. Kaplan found that Reyes did not have a severe physical impairment.

On September 18, 2009, Reyes returned to BCHC, complaining of low back pain. He was diagnosed with diabetes and hypertension, and received prescriptions for treatment. Reyes was also diagnosed with obesity.

On February 11, 2010, Dr. Joseph Connolly Jr., a non-examining state agency physician, completed a case analysis. Dr. Connolly reported "no significant physical findings concerning [Reyes'] ankle or back," and concluded that Reyes did not have a medically determinable impairment.

On August 2, 2010, Reyes visited BCHC, again complaining of low back pain, as well as leg and foot pain. The prior diagnoses of diabetes, hypertension, and obesity were noted and Reyes' medications were adjusted.

On October 6, 2010, Reyes revisited BCHC, complaining of continued pain in his lower back and legs. The diagnoses of diabetes, hypertension, and obesity were again noted. An MRI of

Reyes' spine was ordered to investigate his ongoing complaints of back pain.

On January 5, 2011, Reyes visited the Hospital of Saint Raphael's and received an MRI of his spine.  The MRI produced the following information: 1) "the lumbar spine is in normal alignment"; 2) "[f]rom L1 through L4 there is no significant disc herniation"; 3) "[m]inimal disc bulging at L3-4 and L4-5"; 4) "minimal disc desiccation" at "L4-5 and L5-S1"; and 5) a "mild broad-based disc bulge and mild bilateral facet arthropathy" at L5-S1.

On February 22, 2011, Reyes returned to the Hospital of Saint Raphael's for a physical examination.  Reyes was reported as having "5/5 strength" throughout his lower extremities, intact sensation, and a negative straight leg raise, bilaterally.  A review of his MRI "revealed a very mild disc bulge at L5-SI with mild facet hypertrophy."  Following the examination, Reyes was counseled on weight loss, encouraged to take anti-inflammatories, and directed to follow up with his primary care physician.

After denial of his application for benefits initially and upon reconsideration, Reyes requested a hearing before an ALJ.  On March 7, 2011, he appeared before the ALJ for the hearing, where he was represented by counsel.  Beyond his diabetes and high blood pressure, Reyes testified that he suffered from pain

5

"in his lower disc" that radiated down his left leg and into his ankle.  Reyes acknowledged that he received a prescription for this pain, yet admitted that he had not refilled it after running out.  He "guessed" that he could have afforded to do so.  Additionally, Reyes indicated that he was capable of mowing his lawn, cleaning and washing his car, and fixing the windows on his two-story home by using a ladder.  Reyes did add, however, that when he physically overexerts himself, his ability to walk the next day is limited.

On March 14, 2011, the ALJ issued a decision finding Reyes not disabled.  Based on the evidence of record, the ALJ found that "the claimant's diabetes, with peripheral neuropathy, limits [his] capacity to perform some basic work-related activities" and thus the "impairment rises to the level of 'severe.'"  The ALJ found, however, that "the claimant's alleged low back pain and left ankle pain do not result in any work-related limitations and, as such, are non-severe."  Similarly, Reyes' hypertension and obesity were found to be non-severe-impairments.  The ALJ concluded that "the claimant's testimony relative to the duration, intensity, and limiting effects of [his diabetes], as well as other alleged impairments, is not

6

entirely credible, to the extent that it is inconsistent with the evidence of record."[3]

On August 30, 2011, The Appeals Council issued a notice to Reyes denying his request for review and thereby making the ALJ's decision the final decision of the Commissioner. On March 30, 2012, Reyes filed the complaint in this case. Reyes has filed a motion to reverse or remand the Commissioner's decision and the Commissioner has filed a motion to affirm his decision.

## STANDARD

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, [are] conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, the court may not make a *de novo* determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. Id.; Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to ascertain whether the Commissioner applied the correct legal principles in reaching his conclusion, and whether the decision is supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987). Therefore, absent legal error, this court may not set aside the decision of the Commissioner if it is supported by substantial evidence. Berry v. Schweiker, 675 F.2d 464, 467 (2d

---

[3] The ALJ also found that "the claimant does not have a severe mental impairment." Reyes does not challenge this finding.

7

Cir. 1982). Further, if the Commissioner's decision is supported by substantial evidence, that decision will be sustained, even where there may also be substantial evidence to support the plaintiff's contrary position. Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982).

The Second Circuit has defined substantial evidence as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence must be "more than a scintilla or touch of proof here and there in the record." Id.

## DISCUSSION

### I. The Social Security Act

The Social Security Act establishes that benefits are payable to individuals who have a disability. 42 U.S.C. § 423(a)(1). "The term 'disability' means . . . [an] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . ." 42 U.S.C. § 423(d)(1).

In order to be considered disabled, an individual's impairment must be "of such severity that he is not only unable to do his previous work but cannot . . . engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). "'[W]ork which

8

exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country."[4]  Id.  However, "[i]solated jobs that exist only in very limited numbers in relatively few locations outside of the region where [the claimant] live[s] are not considered 'work which exists in the national economy.'"  20 C.F.R. § 404.1566(b).

## II.  Motions to Reverse and to Affirm

Reyes moves to reverse the Commissioner's decision to deny him benefits, arguing that the decision is not supported by substantial evidence and is the product of various errors.  The Commissioner has responded by filing a motion to affirm, arguing that the decision is supported by substantial evidence and is free of errors.

### A. Severity Determinations

Reyes first argues that the ALJ erred in concluding that "[his] low back and ankle pain are not 'severe'" impairments, and that "had the ALJ not so concluded. . . . Rule 201.09 of the Medical Vocational Guidelines would have dictated a finding that [he] is disabled."[5]  Specifically, Reyes criticizes the ALJ for

---

[4]  The determination of whether such work exists in the national economy is made without regard to: 1) "whether such work exists in the immediate area in which [the claimant] lives"; 2) "whether a specific job vacancy exists for [the claimant]"; or 3) "whether [the claimant] would be hired if he applied for work."  Id.
[5]  Reyes does not challenge any other individual severity determinations made by the ALJ.

arriving at this conclusion after "rel[ying] heavily on the report of the consultative examiner, Dr. Cruz" which "pre-dates the MRI." He further argues that the ALJ "erred by relying on his own medical expertise" when he "concluded that since the findings of the MRI [were] 'mild,' the record did not demonstrate the severity of pain about which [Reyes] complained."[6]

In response, the Commissioner argues that "the ALJ reasonably found that [Reyes'] low back and ankle pain did not rise to the level of a severe impairment." Specifically, the Commissioner argues that "the ALJ considered other substantial record evidence, in addition to Dr. Cruz's evaluation." The Commissioner further argues that "the ALJ did not . . . erroneously rely on 'his own medical expertise' in determining that [Reyes'] back pain did not rise to the level of a severe impairment." Rather, the Commissioner contends the ALJ echoed the post-MRI report stating that it "revealed a very mild disc bulge . . . with only mild facet hypertrophy," and also "considered opinions from Dr. Kaplan and Dr. Connolly, state

---

[6] Reyes also contends that "the ALJ did not, as he should have, consider how severe his back pain and obesity are in combination." The court, however, finds no merit to this argument because the ALJ expressly noted Reyes' record of obesity but found that "[his] obesity, solely and/or combination with his diabetes, with peripheral neuropathy, or his alleged (non-severe) impairment[] of low back pain . . . does not result in any work-related limitations."

10

agency physicians who reviewed the record evidence and found that [Reyes] did not have a severe physical impairment."

A claimant seeking social security benefits must bear the burden of showing that he has a medically severe impairment or combination of impairments. See Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). "The severity regulation requires the claimant to show that he has an "impairment or combination of impairments which significantly limits" "the abilities and aptitudes necessary to do most jobs." Id. at 146 (quoting 20 C.F.R. §§ 404.1520(c), 404.1421(b)). "An impairment or combination of impairments is found 'not severe' and a finding of 'not disabled' is made . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . ." SSR 85-28. 20 C.F.R. § 404.1520 provides the ALJ with a five step evaluation process.[7]

Here, the ALJ's decision follows the applicable five-step process in its assessment of Reyes' alleged disability. First, the ALJ determined that Reyes was not performing any substantial

---

[7] Section 404.1520 provides that the commissioner follows a "five-step sequential evaluation process" in determining if an individual is disabled and entitled to benefits. The steps are as follows: 1) consideration of the claimant's work activity and determination of whether he or she is performing "substantial gainful activity;" 2) and 3) determination of the "medical severity of the impairment;" 4) assessment of the claimant's residual functional capacity and past relevant work; and 5) consideration of residual functional capacity and claimant's age, education, and work experience in order to determine whether the claimant can make an adjustment to other work.

gainful activity.  Second, the ALJ determined that Reyes had the severe impairment of diabetes with peripheral neuropathy, and the non-severe impairments of alleged low back and left ankle pain, hypertension and/or hyperlipidemia, and obesity.  Third, the ALJ concluded that Reyes did not have an impairment or combination of impairments that met the statutory listing of impairments found at 20 C.F.R. Part 404, Subpart P, Appendix 1.  The ALJ determined that Reyes retained the residual functional capacity to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b).  Fourth, the ALJ concluded that Reyes could not perform his previous work as a construction or landscaping laborer.  Finally, the ALJ concluded that based upon Reyes' residual functional capacity, age, education, and work experience, a finding of "not disabled" was directed by Rule 202.10 of the Medical Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2.

In making his severity determination regarding Reyes' alleged low back and ankle pain, the ALJ relied on objective medical reports of a number of examining and non-examining medical experts.  Dr. Cruz, the consultative examiner, was only one such expert whose report was referenced by the ALJ.[8]  The ALJ

---

[8]  The ALJ cited Dr. Cruz's remarks that Reyes had "'good pulses throughout' his extremities, with no edema."  He also referenced Dr. Cruz's report that "[i]n the supine position, [the] passive range of motion of all extremities is grossly normal" and that Reyes had "no evidence of muscle wasting."

expressly accorded "great weight" to the findings of non-examining state agency physicians Dr. Kaplan and Dr. Connolly, both of whom are cited for their findings that Reyes did not have a severe physical impairment. The ALJ also referenced Reyes' post-MRI physical examination report, which expressly indicated that Reyes had "very mild" to "mild" physical impairments in parts of his spine.[9]

The ALJ was entitled to make a determination that the defendant's subjective complaints of pain were inconsistent with the objective medical evidence. See 20 C.F.R. § 404.1529(a)("In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.") Therefore, the ALJ did not err or "improperly rely[] on his own medical expertise" by finding that the medical evidence did not support Reyes' claim of disabling low back and ankle pain.

Reyes' claims of error lack merit because the ALJ considered a full breadth of medical evidence in making his determination that the alleged low back and ankle pain were non-

---

[9] The record shows the ALJ used the post-MRI report's exact language, rather than his own, to describe its findings as "mild." The ALJ quoted the following excerpt from the report verbatim: "Review of an MRI today . . . revealed a very mild disc bulge at L5-S1 with mild facet hypertrophy." The ALJ further noted that the same report "revealed negative straight leg raise, bilaterally; intact sensation, and 5/5 strength throughout his lower extremities."

13

severe impairments.  The record reveals that Reyes did not furnish the ALJ with any medical evidence showing how his alleged impairments of low back and ankle pain limited his ability to work.  Nor does Reyes presently make a specific argument, beyond conclusory statements, as to precisely how the medical evidence supports his allegations of disabling pain.  Accordingly, the court concludes that the ALJ properly considered the evidence of record and that his conclusion is supported by substantial evidence of record.

**B. <u>Residual Functional Capacity</u>**

Reyes next argues that "there is no medical evidence that [he] can perform light work."  Specifically, Reyes contends the ALJ erred in rendering a residual functional capacity determination that "fails to inform in any meaningful, reviewable way of the specific evidence the ALJ considered in determining that [Reyes'] complaints were not credible."  Reyes further argues that "[a] claimant with a good work record is entitled to substantial credibility."  Similarly, Reyes contends that "where a claimant's subjective evidence of pain is accompanied by objective medical evidence, as exists here (i.e., the MRI), it is entitled to greater weight."[10]

---

[10] Reyes also contends that "while the ALJ considered [his] testimony concerning chores [he] performed, he did not consider the corollary, that he always suffers the next day."  The court finds that this argument lacks merit.  First, the allegation that Reyes "always" suffers the day after doing chores is overstated and not supported by

14

In response, the Commissioner argues that "substantial evidence supports the ALJ's [residual functional capacity] finding." Specifically, the Commissioner contends that the ALJ's finding is supported by "objective medical evidence," "medical opinions," "the nature of [Reyes'] treatment," and "his daily activities." The Commissioner further argues that while "'a good work history may be deemed probative of credibility,' it remains just one of many factors appropriately considered in assessing credibility."

"In determining the claimant's physical ability, or residual work capacity, the [Commissioner] must consider objective medical facts, diagnoses and medical opinions based on such facts. . . ." Ferraris v. Heckler, 728 F.2d 582, 585 (2d Cir. 1984). The Second Circuit has stated that "the subjective evidence of [an] appellant's pain, based on her own testimony and the medical reports of examining physicians, is more than ample to establish her disability, *if believed*." Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979) (emphasis added). The ALJ may use discretion to evaluate the credibility of a claimant, "based on medical findings and other evidence." Id.

---

his testimony. Second, the ALJ expressly considered that "[Reyes] indicated that he 'sometimes' has difficulty walking if he overdoes something" and that "[w]hen [Reyes] works too hard one day, the next day, he will have problems with his left leg." However, after assessing the evidence of record, the ALJ found that Reyes' testimony was "not entirely credible."

While it is true that "a good work history may be deemed probative of credibility," it is "just one of many factors" appropriately considered in assessing credibility. Schaal v. Apfel, 134 F.3d 496, 502 (2d Cir. 1998). In reviewing this challenge, it is the function of the Commissioner, not the court, to appraise the credibility of witnesses, including the claimant. See Carroll v. Sec'y of Health & Human Servs., 705 F.2d 638, 642 (2d Cir. 1983). The claimant bears the burden of proof during the evaluation process, but the Commissioner must show that there is work that the claimant can do. See Curry v. Apfel, 209 F.3d 117, 122-23 (2d Cir. 2000).

The ALJ determined that Reyes "has the residual functional capacity to perform the full range of light work."[11] He reached this determination "after a review of the entire evidence of record, including the objective medical evidence of record, as well as the claimant's testimony, provided at hearing." As previously discussed, the ALJ properly found the objective medical evidence did not support Reyes' subjective allegations that he had any severe impairments beyond the diabetes with peripheral neuropathy. As directed under regulations promulgated by the Social Security Administration, the ALJ nonetheless looked beyond the objective medical evidence and

---

[11] Light work requires the ability to lift up to 20 pounds occasionally, lift 10 pounds frequently, stand and walk for up to 6 hours a day, and sit for up to two hours. See 20 C.F.R. § 404.1567(b); SSR 83-10.

16

assessed the credibility of Reyes' testimony regarding his various symptoms.  See 20 C.F.R. § 1529(c)(3).  Among other factors, the ALJ explicitly assessed Reyes' credibility in light of his daily activities, his medications, and the intensity and limiting effects of his alleged impairments.[12]  Therefore, the ALJ did not, as Reyes contends, "fail[] to inform in any meaningful, reviewable way of the specific evidence [he] considered in determining that [Reyes'] complaints were not credible."  Further, these discussions all lend credence to our conclusion that the ALJ's credibility and residual functional capacity determinations are both supported by substantial evidence.

The ALJ also expressly acknowledged Reyes' testimony regarding his good work history, remarking that "he had worked for 30 years," mostly "in construction, as a laborer."  However, the ALJ was entitled to consider this work history as one factor

---

[12]  With regard to daily activities, the ALJ noted that Reyes testified that he "lives by himself, in a house . . . cleans his house and does some outside chores. . . . cleans his car and takes it for a ride . . . . does his own grocery shopping. . . . participate[es] in church activities . . . . [and] fixes his own meals."
   With regard to medications, the ALJ noted that Reyes testified that he "does not take any medication for his back pain.  He was prescribed pills for his back pain, but they ran out, and he has not refilled the prescription."
   With regard to the intensity and limiting effects of the alleged impairments, the ALJ noted that Reyes testified that "he 'sometimes' has difficultly walking if he overdoes something . . . . he can lift 5-10 pounds but tries not to lift 20 pounds . . . . he has problems sitting if he sits for more than 4 hours.""

among the others while assessing Reyes' credibility.  See Schaal, 134 F.3d at 502.

Reyes makes no specific argument beyond conclusory statements as to precisely how his ailments combine to limit him in such a way that would merit altering the ALJ's decision.  The court concludes, therefore, that the ALJ properly considered the evidence of record and that his conclusion is supported by substantial evidence of record.

## CONCLUSION

Reyes' motion for an order reversing or remanding the Commissioner's decision (document no. 16) is DENIED and the Commissioner's motion to affirm that decision (document no. 19) is GRANTED.

It is so ordered this 25th day of February 2013, at Hartford, Connecticut.

          /s/
Alfred V. Covello, U.S.D.J.